## FRED HAMBRIGHT v. THE STATE.

### No. 789. Decided November 9, 1910.

**1.—Habitual Drunkard—Selling Intoxicating Liquors—Requested Charge— Presumption.**

Where, upon appeal from a conviction of a misdemeanor, the requested special charge was not marked refused or given, the presumption is that it was given. Following Smith v. State, 27 Texas Crim. App., 50.

**2.—Same—Charge of Court—Intoxicating Liquors—Whisky.**

Where the intoxicant sold is shown to be whisky, the trial court is authorized to assume in his charge that whisky is an intoxicant. Following Loveless v. State, 40 Texas Crim. Rep., 221, and other cases.

Appeal from the County Court of Hamilton. Tried below before the Hon. J. W. Warren.

Appeal from a conviction of selling intoxicating liquors to an habitual drunkard; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with sell-ing and giving away, etc., spirituous, vinous and malt liquors, capable of producing intoxication, to Austin Fulbright. His trial resulted in a conviction with a fine of $25.

It is complained the court erred in not giving a special charge requested by appellant. The special charge is not marked refused or given. The presumption would be, therefore, that it was given. Smith v. State, 27 Texas Crim. App., 50; Jeffries v. State, 9 Texas Crim. App., 598.

In motion for new trial it is complained that the court charged the jury as a matter of law that whisky is intoxicating liquor. In this there was no error. This question has been frequently before the court, and where the intoxicant sold was shown to be whisky the trial court is authorized to assume and charge the jury that whisky is an intoxicant. See Douthitt v. State, 61 S. W. Rep., 404; Maddox v. State, 55 S. W. Rep., 832; Lovelass v. State, 40 Texas Crim. Rep., 221.

There being no error in the record, the judgment is affirmed.

*Affirmed.*