## C. F. MAYO v. THE STATE.

### No. 1125.   Decided April 19, 1911.

**1.—Local Option—Indictment—Exceptions in Law.**

The indictment in a prosecution for a violation of the local option law need not allege the exceptions made by the law and negative them.

**2.—Same—Elections—Statutes Construed—Felony.**

Where the sale of intoxicating liquors in local option territory was made subsequent to the second election and declaration of the result, both elections resulting in prohibition, the prosecution was properly based on the second election making the sale a felony under the law.

**3.—Same—Evidence—Leading Question—Unwilling Witness.**

Where the witness was an unwilling one and extremely hostile to the State, there was no error in permitting State's counsel to ask leading questions. Following Taylor v. State, 22 Texas Crim. App., 529, and other cases.

**4.—Same—Bills of Exception—Practice on Appeal.**

Where the matter complained of was not properly reserved by bills of exception, the same could not be considered on appeal.

**5.—Same—Charge of Court.**

Upon trial of a violation of the local option law there was no error in refusing a requested instruction to find defendant not guilty.

**6.—Same—Charge of Court—Requested Charge.**

Where a charge is marked given there was nothing to revise on appeal upon this ground.

**7.—Same—Charge of Court—Whisky—Intoxicating Liquor.**

Whisky is an intoxicating liquor, and the court may so instruct the jury.

**8.—Same—Charge of Court—Sale—Words and Phrases.**

Where the court charged correctly on the definition of a sale, and the words "three quarts" when considered in connection with the whole charge referred to the word "whisky" there was no error.

Appeal from the District Court of Lubbock. Tried below before the Hon. L. S. Kinder.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The State after introducing in evidence the necessary orders of the Commissioners' Court, showing prohibition was in force, etc., showed by the main State's witness that he bought three bottles of liquor from defendant and two other persons who were with him; that the stuff tasted like whisky or whisky toddy; that the parties came to his barn or stable in a wagon and hired a horse from witness to go to a certain camp; that they were drinking and seemed under the influence of liquor; that they first declined to sell him the stuff which they had in their wagon, but finally defendant got it out of the wagon and left it in a buggy, and that witness put $5.50 in a buggy and the parties got this money and divided it among them, and the witness drank some of the stuff and gave some away, etc.

*Dillard & Moore* and *W. F. Schenk,* for appellant.—On question of insufficiency of indictment: Poston v. State, 58 Texas Crim. Rep., 583; Massie v. State, 52 Texas Crim. Rep., 548, 107 S. W. Rep., 846; Carnes v. State, 53 Texas Crim. Rep., 490, 110 S. W. Rep., 750.

Upon question of leading questions: Garrett v. State, 52 Texas Crim. Rep., 255; Green v. State, 53 Texas Crim. Rep., 490; Kirksey v. State, 58 Texas Crim. Rep., 188.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant was indicted, charged with violating the local option law. He was convicted upon a trial, and sentenced to one year in the penitentiary.

1. The first contention is that the indictment is insufficient, a motion being filed to quash it on the grounds, first, that the indictment alleges that the election resulted in favor of prohibition and does not negative the exceptions; second, because the orders declaring the result of the election make the exceptions provided for by article 403 of the Penal Code. This indictment is for making a sale of intoxicating liquors in violation of the prohibition law, and under all the authorities it is held that the exceptions need not be negatived in charging a sale in violation of the local option or prohibition law. Wade v. State, 53 Texas Crim. Rep., 184, and authorities there cited.

2. It appears that two elections have been held in Lubbock County and the law adopted at both elections. The election was held the last time since the law was enacted making it a felony to make a sale of intoxicating liquors. Appellant insists that the prosecution should have been under the first election, and not under the second. The sale was made subsequent to the second election and declaration of the result, and was properly prosecuted under the second election, and there was no error in permitting the State to introduce all the orders, petition, etc., showing that an election had been held in May, 1910, and the orders showing the result of said election, etc., and there was no error in not permitting defendant to introduce the orders of the prior election held in March, 1901.

3. In bills of exception Nos. 2, 3 and 4 exceptions are reserved to the action of the court in permitting the State's attorney to ask leading questions, and to exhibit to the witness a prior statement made by him for the purpose of refreshing his memory. The court qualifies the bills thus: "This witness was an unwilling witness and extremely hostile to the State and made use of every means to evade questions propounded by the State. And it was apparent that in no other way could the facts be elicited from the witness." Appellant accepts the bills as thus qualified and files them, and he is bound by the qualifications, and this court accepts such qualifications as true. In this state of case there was no error. Taylor v. State, 22 Texas Crim. App., 529; Navarro v. State, 24 Texas Crim. App., 378; Nairn v. State, 45 S. W. Rep., 703; Robinson v. State, 49 S. W. Rep., 386.

4. There are but four bills of exception in the record, and the matter complained of in the sixth and seventh grounds of the motion for a new trial can not be reviewed, because there are no bills of exception to the introduction of this testimony.

5. There was no error in refusing to give special charge No. 1, peremptorily instructing the jury to return a verdict of not guilty.

6. The ninth ground sets out special charge No. 2 requested by appellant. This charge is marked "given" by the judge, and there is no bill of exceptions showing that it was refused. If it was given as requested by defendant, certainly there is nothing of which he can complain.

7. Appellant complains that the court charged that whisky is an intoxicating liquor, insisting this is upon the weight of the evidence. This court has held adversely to appellant's contention. Maddox v. State, 55 S. W. Rep., 832.

8. There are two complaints of the charge of the court. One is on the definition of a sale. Under the facts in this case, the law was correctly stated. The other is that in a portion of the charge he used the words "three quarts," and does not say three quarts of whisky. Taking the charge as a whole, the objection is not well taken, as it could not have misled the jury. For further discussion

of the questions herein decided see Green v. State, this day handed down.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*