A. L. COPELAND v. THE STATE.

No. 7317.   Decided April 4, 1923.

1.—Intoxicating Liquor—Manufacture—Insanity—Continuance—Attachment— Diligence.

Where, upon trial for the unlawful manufacture of. intoxicating liquor, defendant pleaded insanity, and made application for a continuance on account of the absence of his brother's wife, and the record showed that the witness was served with process but was about to become a mother at the time of the trial, there was no error in not having issued an attachment for the witness, as this would have been a useless procedure.—Following Webb v. State, 5 Texas Crim. App., 596, and other cases.

2.—Same—Evidence—Expert Opinion—Insanity.

Where defendant pleaded insanity, he should have been permitted to introduce testimony of a medical expert who was well acquainted with him that defendant's mind was not normal but was diseased and unbalanced, and that he was not capable of understanding and acting with discretion in the ordinary affairs of his life.—Following Plumber v. State, 86 Texas Crim. Rep., 496.

Appeal from the District Court of Denton.   Tried below before the Hon. C. R. Pearman.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor, penalty, two years imprisonment in the penitentiary.

The opinion states the case..

*Owsley & Owsley* for the appellant.—On question of continuance; Eppison v. State, 198 S. W. Rep., 94; Washington v. State, 218 id., 1043;

On question of insanity; Beaupre v. State, 206 S. W. Rep., 517 Mikeska v. State, 182 id., 1127.

*R. G. Storey,* Assistant Attorney General for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

A still and intoxicating liquors were found upon the premises of the appellant.

His defense was insanity, and a number of witnesses testified pro and con upon this issue.

Preliminary to the announcement of ready for trial, appellant made his application for a continuance on account of the absence of Mrs. Mattie Copeland, the wife of appellant's brother. She lived in the county, had been served with process but was about to become a mother at the time of the trial. The State's counsel justifies the ruling upon the proposition that no attachment was issued. It is made to appear that this would have been fruitless as her attendance was impossible. To show diligence, the law does not require the doing of a useless thing. See Stegar v. State, 105 S. W. Rep. 789. All the facts in evidence revealed the opportunity of the absent witness for acquaintance with the appellant and for knowledge of the condition of his mind. Her affidavit attached to the motion for new trial states many facts upon which she based her opinion that he was insane. A number of witnesses expressed the same opinion. The nature of the defense of insanity is such as precludes a strict application of the rule pertaining to cumulative testimony in passing upon a motion for a continuance. Webb v. State, 5 Texas Crim. App. 596; Roberts v. State, 67 Texas Crim. Rep., 580, 150 S. W. Rep. 627. Judge White, in Webb's case, supra, said:

"Nor is the investigation one in which the judge could well say that additional evidence would be but cumulative of like testimony already adduced; for the greater the number of witnesses who would depose to the opinion that a party was insane, the more likely would the jury, we apprehend, be inclined so to believe and become satisfied of the fact."

In refusing to grant the continuance and in failing to accord a new trial based thereon, the learned trial judge, in our opinion, fell into error.

Complaint is made of the receipt in evidence of the declarations of the appellant while under arrest to the effect that the still belonged to him. They were admissible under the res gestae rule. The facts are not dissimilar to those in the case of Broz v. State, 93 Texas Crim. Rep., 137, 245 S. W. Rep., 707.

Dr. Amos, a medical expert who was well acquainted with the appellant and had practiced in his family for a number of years would have testified that appellant's mind was not normal but was diseased and unbalanced and that he was not capable of understanding and acting with discretion in the ordinary affairs of his life. An objection was made to this testimony embracing the idea that the true issue

was whether the appellant's mind was such as to enable him to know the right and wrong of the particular act in question. We believe the testimony was admissible upon this issue. To render it relevant, it was not necessary that the testimony be conclusive on the point to be decided by the jury. It was enough that it might have aided the jury to solve the true issue. See Plumber v. State, 86 Texas Crim. Rep. 496.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*