### CAL VINSON v. THE STATE.

No. 8128.  Decided January 9, 1924.

**Selling Intoxicating Liquor—Misconduct of Jury—Failure to Testify—Rule Stated.**

A mere reference to the fact of the failure of the defendant to testify, accompanied by no discussion of it, and no testimony of any possible injury from that fact would not necessitate a reversal.—Following Manley vs. State, 92 Tex. Crim. Rep., 537, and other cases.

Appeal from the District Court of Angelina.  Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of selling intoxicating liquor; penalty one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Angelina County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There is no statement of facts in the record and same presents but one bill of exceptions, which is to the action of the learned trial judge in overruling appellant's motion for new trial based on alleged misconduct of the jury. It was set up in said motion that the jury commented on the failure of the defendant to testify as a witness in the case.  All twelve of the jurors who tried the case were brought before the court upon the hearing of this motion and gave testimony. We have carefully considered their evidence.  No one of said witnesses admits having referred to the failure of the defendant to testify but there is testimony from some of the jurors that the fact

was referred to. Most of the witnesses agree that immediately upon such reference, the foreman of the jury informed them that they must not refer to or consider the fact of the failure of the defendant to testify and told them that the court had instructed them in his charge not to do so. In subdivision 40 under Art. 790, Vernon's C. C. P., many authorities are cited and reviewed evidencing this court's decision of similar questions to that now before us. In Probest v. State, 60 Texas Crim. Rep., 608; Powers v. State, 69 Texas Crim. Rep., 494, 154 S. W. Rep., 1020; Espinoza v. State, 73 Texas Crim. Rep., 237, 165 S. W. Rep., 208; Coffman v. State, 73 Texas Crim. Rep., 295, 165 S. W. Rep., 939, and Howard v. State, 76 Texas Crim. Rep., 297, 174 S. W. Rep., 607, this court held that a mere reference to the fact of the failure of the accused to testify accompanied by no discussion of it and no testimony of any possible injury from that fact, would not necessitate a reversal. Dyer v. State, No. 8173, this day decided; Jenkins v. State, 49 Texas Crim. Rep., 461, and Manley v. State, 92 Texas Crim. Rep., 537. We are not able to bring ourselves to believe this to be a case in which there was such transgression of the rule as to call for a reversal.

The judgment of the trial court will be affirmed.

*Affirmed.*