## G. E. HENNINGTON v. THE STATE.

### No. 8654.    Delivered April 22, 1925.

**Manufacturing Intoxicating Liquor—Jury—Misconduct of—Reversible Error.**

Where a jury in deliberating on a case in their retirement, and while considering whether or not to suspend the sentence, refer to and discuss, the failure of appellant to testify in his own behalf, the judgment must be reversed. See Branch's Ann. P. C. Sec. 569. Following Rogers v. State, 55 S. W. 817. Wooley v. State, 50 Tex. C. R. 216, 96 S. W. 27; Bailey v. State, 97 S. W. 694.

Appeal from the District Court of Bell County. Tried below before the Hon. Lewis R. Jones, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*DeWitt Bowmer*, of Temple, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The record shows that the appellant was indicted in Bell county and charged with unlawfully manufacturing intoxicating liquors about the 16th day of May, 1923, and was tried and convicted in the district court of said county for said offense on December 1, 1923, and his punishment assessed at one year's confinement in the penitentiary.

In addition to a plea of not guilty, the appellant filed an application for a suspended sentence.

In the view we take of the record, and in fact the only question complained of in appellant's brief, it the alleged misconduct of the jury after they had received the court's charge and while they were considering their verdict, which was raised by the appellant in his motion for new trial and brought forward in the record in his bill of exception No. 2.

It appears from the record in this case that the defendant failed to testify as a witness in his own behalf, and that the jury in their consideration of the verdict referred to defendant's failure to so testify and discussed same. The Statements of Facts on motion for new trial on this point discloses that after the jury had voted that the defendant was guilty and before reaching a verdict in the case they were divided on whether or not they would suspend his

sentence, and, while so divided, the failure of the defendant to testify was discussed in the jury room. All of the jurors testified, and no one denied that same was discussed.

Such arguments and statements as above recited are bound to have been harmful to the defendant, although the jury stated that it did not influence them in finding the verdict.

In Branch's Annotated Penal Code, Sec. 596., it is stated:

"Where the jury not only refers to the failure to the defendant to testify but state that he ought to have gone on the stand to explain certain matters, it is more than a mere allusion to his failure to testify"—citing Rogers v. State, 55 S. W. 817; Wooley v. State, 50 Tex. C. R. 216, 96 S. W. 27; Bailey v. State, 97 S. W. 694. For a collation of authorities on said statute above mentioned, we cite Sec. 569, Branch's Ann. P. C.

The State's Attorney with this court has filed a brief in this case confessing error, and we are of the opinion that his conclusions are correct in the matter.

For the reasons above stated, we are of the opinion that the trial court erred in overruling the motion for new trial, and we therefore reverse and remand this case.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.