Luther Hughes v. The State.

No. 9206.    Delivered June 10, 1925.

Selling Intoxicating Liquor—Jury—Misconduct of—Failure to Testify.

Where on a conviction for selling intoxicating liquor, in his motion for a new trial appellant shows that his failure to testify was discussed seriously by several of the jurors in passing upon his case, the new trial should have

been granted, and the error in refusing same demands the reversal of the case.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for selling intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Potter County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There is a bill of exceptions complaining of the refusal of a new trial on the ground of misconduct of the jury. Three witnesses, jurors who tried the case, were introduced. One of them testified "When the jury first went out they stood five to seven, seven for conviction and five for acquittal. . . . The fact was mentioned that he was bound to be guilty or he would have gotten up there in his own behalf, or something to that effect . . . He (referring to another juror) said something about his practice of law, and that the defendant had a right to testify in behalf of himself if he wanted to, and he argued that until he read the charge, and that he didn't do it, . . . One of them said that he did not have a witness up there to prove that he didn't or something like that, and some of the fellows said 'that he didn't get up there and testify for himself.' . . . Some one said that he did have a right to do that if he wanted to, that if he wanted to go on the stand himself, in behalf of himself, to defend himself, that he had a right to do it, and we argued that out, that that was not the question at all, and we didn't have a right to argue that, and we read the court's charge to prove that that was not for us to argue over at all. . . . I believe it was brought up that he (referring to another juror) believed he had a right to testify, and I said, 'No, he didn't have to get up there and testify for himself'. . . . It seemed to the best of my knowledge that they said, referring to the defendant, 'Why didn't they put on a witness here and show that his brother was here?' . . . I am positive that it was said that he could have got on the stand in his own behalf if he wanted to. . . . He had a right to get on the witness stand, and we argued that out. . . . It was openly discussed between the twelve . . . But he 'could have' is the argument, that is, 'he could have taken the stand.' But we got the charge and read it when the question arose

that he could have took the stand and that dropped that part of it.''

Another juror who testified said that he could not say there was anything said about appellant not testifying . . . but something was said though about that if he, Mr. Hughes having sisters, and if his brother had been in town it was funny he didn't get on the stand and say it. . . . That it was funny that he didn't get on the stand. The remaining juror who testified said that "Somebody said something about him not testifying, or something to that effect," but that witness called attention to the fact that it was laid down in the charge that this should not be discussed and that nothing more was said about it. Further, this juror said some fellow said that he had had some experience in law, and "I believe he did say that defendant had a right to testify if he wanted to, but we were not to consider his right whether he was to testify or not." Further this juror said, "There was some remark that it looked like they would have put somebody on to prove that appellant's brother was here, and somebody said, 'Well, the defendant is not required to testify'."

We have carefully examined this bill together with the statements made about it by the learned trial judge in his qualification but are unable to bring ourselves to believe, from the testimony of the jurors, that the statute demanding that the failure of the accused to testify be not taken as a circumstance against him, nor alluded to, nor commented on by counsel, has not been violated. Each of the jurors who testified said that the fact that appellant had a right to take the stand and testify if he wanted to, was referred to. For a juror to say that it is "Funny the man did not get on the stand and testify", and for another juror to testify that there were repeated arguments about the matter, seems to us to present such condition as that we would not be justified in upholding the action of the jury. It is a matter of common knowledge that men who have done something which they should not have done, and who, feel that they have put themselves in the wrong light or a compromising situation, as jurors must to violate this statute, are apt to try to excuse themselves and to minimize what they have said.

There is a bill of exceptions complaining of a lecture given by the court to a witness which has given us grave concern and with the correctness of which action we are not satisfied. There is another bill of exceptions complaining of the fact that after defendant had been sentenced, the court undertook to reopen the matter and change the sentence as originally pronounced. These matters will probably not occur upon another trial.

For the misconduct of the jury above referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*