## HUGH GRAHAM v. THE STATE.

No. 10277.   Delivered June 23, 1926.

Rehearing granted October 20, 1926.

**1.—Possessing Intoxicating Liquor—No Sentence in Record.**

It is absolutely necessary that the record sent to this court shall show that appellant was sentenced, to confer jurisdiction.   No sentence appearing in this record the appeal is ordered dismissed, but is later reinstated on the corrected record, which shows that appellant was sentenced in the court below.   See Art. 769, C. C. P., 1926; Branch's Ann. P. C., Sec. 667; Wooldridge v. State, 61 Tex. Crim. Rep. 324, and other cases cited.

### ON REHEARING.

**2.—Same—Misconduct of Jury—Reversible Error.**

Where, in their retirement, the jury, which stood six for conviction, six for acquittal, heard two of the jurors discuss the question of the ownership of the premises on which equipment for manufacturing intoxicating liquor was found, and to state to other jurors that from their experience in renting houses, the appellant undoubtedly was in possession of the entire house, though denied by him, and uncontradicted, and on the hearing of the motion for a new trial these facts, and the further fact that the verdict was induced by such statements of these two jurors, being shown the cause must be reversed and remanded.   Following Brewer v. State, 262 S. W. 766, and other cases cited.

Appeal from the District Court of Cherokee County.   Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for possessing equipment, etc., for manufacturing intoxicating liquors, penalty one year in the penitentiary.

The opinion states the case.

*Perkins & Perkins, Nat Patton,* and *Adams & Adams,* for appellant.   On misconduct of jury, appellant cites:

McWilliams v. State, 22 S. W. 970.

Terry v. State, 38 S. W. 938.

Blocker v. State, 61 S. W. 393.

Tutt v. State, 91 S. W. 585.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Cherokee County for unlawfully possessing equipment for the purpose of manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record fails to disclose any sentence of the court in this

case, in the absence of which this court is without jurisdiction or authority to consider the appeal. Art. 769 (856), C. C. P.; Branch's Ann. P. C., Sec. 667; Wooldridge v. State, 61 Tex. Crim. Rep. 324, 135 S. W. 124; Carroll v. State, 83 Tex. Crim. Rep. 536, 204 S. W. 334; Thompkins v. State, 87 Tex. Crim. Rep. 502, 222 S. W. 1103.

For the reason above mentioned, this appeal is ordered dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BAKER, JUDGE.—This case was dismissed at the last term of this court for the reason that the record failed to disclose the sentence of the appellant. The record has been completed, the order of dismissal set aside, and the appeal considered on its merits.

The only question in the record which challenges our attention is the alleged misconduct of the jury in receiving other evidence than that introduced upon the trial while deliberating upon the case. The record discloses that the sheriff, together with his assistants, searched the residence of the appellant and found in one of the rooms what they denominated a still, coil and a keg, and out in the yard they found a barrel containing mash. The record further discloses that the residence, which appellant had rented from a local mill company, consisted of four rooms and that the alleged still, coil and keg which were found by the sheriff were in a side or back-room. The appellant defended upon the ground that the equipment in question did not belong to him, that he had exercised no control over the same, and that it was in the house at the time that he rented it from the mill company, that said equipment was left in the room by a former occupant, and that he had only rented the two front rooms and had nothing to do with, and exercised no control over, the room where the equipment was found. In support of this contention, the appellant introduced evidence to this effect.

It is shown by the record that after the jury had retired to consider the verdict and had taken the first ballot, standing six for conviction and six for acquittal, the latter six contending

that the evidence was insufficient to warrant a conviction in that it failed to show that the appellant was in possession of that portion of the house in which the equipment was found, then the juror, Lineville, stated to the jurors who favored an acquittal that he had worked for saw mill companies and had attended to the renting of houses for said companies; that his experience in such business covered a period of fifteen years, and that he knew it to be a fact that it was customary with such companies, when they rented a house, to rent the whole of it, and if there was any sub-renting to be done, the man who rented the house would do that himself. The juror, Edwards, then stated that he had a brother who lived in Dallas and who rented a house, and that was the way he rented it. The record further discloses that after these statements were made, one of the jurors who had previously favored an acquittal voted for conviction, the jury then standing seven for conviction and five for acquittal, and that this alignment remained unchanged all that evening and until the following morning. According to the record, the jurors, Lineville and Edwards, continued to make the arguments indicated above, and on the following morning, before another ballot was taken, Lineville stated and insisted that there was no use to argue further as to whether the appellant was in possession of all or a part of the house, since he knew as to that from his own experience. Following the renewal of such arguments and statements, the five jurors who were for acquittal voted for conviction. Some of the jurors who were for acquittal stated that they were without experience as to the custom and manner of renting houses and relied on what the jurors, Lineville and Edwards, said relative to such matters. The trial court heard testimony from all twelve of the jurors, and the jurors, Lineville and Edwards, testified in corroboration of the testimony as set out above concerning their statements to the jurors who favored an acquittal. There was no contradictory evidence from any juror on this issue. This being the case, there is nothing left for this court to do but to hold, under the statutes and authorities of this state, that the trial court was in error in overruling the appellant's motion for a new trial based upon the misconduct of the jury. Brewer v. State, 262 S. W. 766; Hanks v. State, 99 Tex. Crim. Rep. 218, 269 S. W. 111; Hughes v. State, 274 S. W. 151; Brown v. State, 276 S. W. 929.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.          *Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.