## L. E. RONE V. THE STATE.

No. 10151.   Delivered November 3, 1926.

**Possession of Intoxicating Liquor—Misconduct of Jury—Discussing Defendant's Failure to Testify—Reversible Error.**

Where the jury in their retirement and before a verdict was reached discussed in detail the failure of the defendant to testify and to deny facts given in evidence, and one juror told of some suspicious evidence that he had heard in appellant's neighborhood, the verdict thus reached cannot be permitted to stand, and same is reversed and the cause remanded. Following Barrow v. State, 225 S. W. 53, and numerous other cases cited.

Appeal from the District Court of Wichita County.   Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Heyser & Hicks, Martin, O'Neal & Allred* of Wichita Falls, for appellant.   On the misconduct of the jury, appellant cites:

Glenn v. State, 229 S. W. 521.
Rogers v. State, 55 S. W. 817.
Thorp v. State, 40 Tex. Crim. Rep. 349.
Ttate v. State, 38 Tex. Crim. Rep. 261.
Wilson v. State, 39 Tex. Crim. Rep. 365.
Kelly v. State, 252 S. W. 1065.
Kilpatrick v. State, 211 S. W. 230.
Barrow v. State, 225 S. W. 53.
Franks v. State, 272 S. W. 451.
Hemmington v. State, 271 S. W. 624.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Wichita County for the unlawful possession of intoxi-

cating liquor for the purpose of sale, and his punishment assessed at two years in the penitentiary.

It appears that the officers searched the house and premises of the appellant and there found some whiskey, and that while attempting to get into the house they observed, in the kitchen, whiskey being poured out of a pitcher into the sink. Other evidence was introduced by the state showing that whiskey had been found on the premises of the appellant, and as to his being seen with whiskey thereon by some young boys living in that neighborhood. Evidence was also introduced by the state to the effect that the appellant had furnished money to the aforesaid boys for the purpose of getting them to leave town and not be present as witnesses for the state on the morning of the trial. The appellant failed to testify in his own behalf, but introduced evidence tending to discredit the testimony offered by the state.

There are several bills of exception in the record, but there is only one question raised which we deem of such importance as to warrant a discussion in this opinion, and that is the complaint urged to the misconduct of the jury in discussing, during their deliberations, the failure of the appellant to testify. After the jury retired to consider their verdict, the first ballot disclosed seven for acquittal and five for conviction. It further appears that before any verdict of conviction was reached and during the deliberations of the jury thereon, and while the jury was discussing the evidence as to the appellant furnishing money for the boys to leave town so they would not testify in the case, some of the jurors stated they wondered why the appellant failed to take the stand and deny the charges against him, and also deny that he had given the $5.00 to the boys. It further appears from the testimony of the jurors on this issue that some juror stated it was the first case he had ever seen or known in which the defendant failed to testify, and that when these matters were mentioned and discussed an argument arose as to whether or not the appellant had to testify; some of the jurors contending that he did not and others taking a contrary view; then the charge of the court was resorted to and read to settle the matter. It also appeared in evidence on this issue that one of the jurors stated that he had heard that there was a road house over in the settlement where the appellant lived, and also testified that on a fishing trip to a place near the premises of the appellant he had discovered some empty fruit jars, and remarked: "I said there must be something loose around here." It suffices to say that after this discussion and after several ballots the standing of the jury changed from seven to five for

acquittal to a verdict of guilty, with punishment assessed at two years in the penitentiary. It is true that all of the jurors who testified stated that none of these remarks were considered by them in reaching their verdict, but as has been frequently said by this court, such statements of the jury are of little weight when they are attempting to absolve themselves from criticism with reference to violating the instructions of the court not to discuss said matters during their deliberations. We think the conduct of the jury in discussing the failure of appellant to testify, as above set out, was in direct violation of the statute and decisions of this court. Barrow v. State, 225 S. W. 53; Kelly v. State, 252 S. W. 1065; Hennington v. State, 271 S. W. 624; Franks v. State, 272 S. W. 451; Brown v. State, 276 S. W. 929; Hughes v. State, 274 S. W. 151. There was also a violation, on the part of the jury, of the statute against receiving other testimony after retiring to consider their verdict. Art. 753, C. C. P.

For the error above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.