EDGAR HAMMONDS V. THE STATE.

No. 10523. Delivered January 26, 1927.

**Theft a Felony — Misconduct of Jury — Defendant's Failure to Testify— Reversible Error.**

Where, on the hearing of his motion for a new trial, it was clearly shown that the jury, in their retirement, discussed the failure of the defendant to testify in his own behalf, and to explain certain incidents, established by the evidence, the motion for a new trial should have been granted, and the trial court's refusal to grant same necessitates the reversal of the case. See Art. 710, C. C. P.; Hennington v. State, 271 S. W. 624; Rees v. State, 272 S. W. 451; Rone v. State, 288 S. W. 454.

Appeal from the District Court of Johnson County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for theft, a felony, penalty two years in the penitentiary.

The opinion states the case.

*Chrisman & Chrisman; M. N. Baldwin,; and W. E. Myres,* for appellant.

*Sam D. Stinson,* State's Attorney; *Robert M. Lyles,* Assistant State's Attorney; *Jewell N. Bauldwin,* County Attorney, and *Pennington J. Jackson,* Assistant County Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of felony theft, and his punishment assessed at two years in the penitentiary.

It was the contention of the state that the appellant rented a certain Ford automobile from one Joplin on the night of the alleged theft; that he thereafter broke into a house in the possession of and belonging to D. S. Sowell in the town of Cleburne and stole therefrom a number of automobile casings and tubes; that he transported these goods to a certain barn which he had rented from Clifford Morgan and in which he stored the stolen property; and that he was engaged in peddling, selling and having sold this stolen property in Fort Worth, Texas, where the officers arrested two parties in the automobile which appellant had rented from Joplin in the city of Cleburne and which contained, at the time of the arrest, some of the casings and tubes in question. The appellant failed to testify as a witness in the case.

The record contains two bills of exceptions. Bill No. 2 complains of the alleged misconduct of the jury in alluding to and commenting upon the appellant's failure to testify, and the refusal of the court to grant him a new trial by reason thereof. Eleven of the jurors who sat in the case were introduced on this issue, and nine of them testified that the appellant's failure to testify was mentioned in the jury room while they were considering their verdict and before they had reached a decision thereon. One of the remaining jurors testified that some mention might have been made about the appellant failing to explain what became of the car after he rented it; that it seemed to him that something was said about the matter, but he would not swear to it. The other juror testified that if the appellant's failure to testify was mentioned he didn't hear it, but that he would not say it wasn't mentioned. There was no juror who

testified that the matter was not mentioned or commented upon in the jury room, while some of the nine jurors testified that it was mentioned as many as three times, and that the statement was made that he should have taken the stand and explained what he did with the car in question and where he was during the time when he had the car. After a careful examination of this bill, we are forced to the conclusion that the conduct of the jury in discussing the failure of the appellant to testify was in contravention of Art. 710, C. C. P., and the holdings of this court in the cases of Hennington v. State, 271 S. W. 624; Rees v. State, 278 S. W. 451; Rone v. State, 288 S. W. 454; and in many other cases cited therein.

Bill of exceptions No. 3 complains of the closing argument of the county attorney, in which, it is contended, he alluded to the failure of the appellant to testify. It becomes unnecessary to discuss this bill, in view of the disposition we have made of the case, for the reason that the matters complained of are not likely to arise again in the same form upon another trial.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.