EDGAR HAMMONDS V. THE STATE.

No. 12763. Delivered December 4, 1929.
Reported in 23 S. W. (2d) 372.

The opinion states the case.

*Jewell N. Bauldwin* of Cleburne, and *Myres & Pressly* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, misdemeanor theft; penalty, one year in the county jail.

Prosecuting witness McPherson ordered three rolls of woven wire of a particular construction. According to his testimony, there was none other like it in the country. Two of these rolls he carried home and the third he left on the sidewalk in front of Doggett's place of business in the town of Joshua. There also stood beside this roll a spool of barbed wire. This roll of woven wire was

missed and new wire of the same construction was found on appellant's premises around a lot. An unused portion of a roll was also found. This was recovered and identified as the property of prosecuting witness, McPherson. There was also recovered at the same time a spool of barbed wire from appellant's possession which was identified as the spool which stood beside the roll of woven wire in front of Doggett's place of business. Appellant, when called on, was unable to explain his possession of the wire in question.

Objection was made to the admission of the loss of the spool of barbed wire and its recovery as being proof of an extraneous offense. The identity of the woven wire being an issue, the testimony objected to was admissible. It likewise tended to connect appellant with the offense for which he was on trial and was apparently part of the res gestae of the taking of the woven wire. The testimony objected to was in our opinion admissible on either of the three grounds mentioned above. Long v. State, 11 Tex. Crim. App. 387; Branch's P. C., Sec. 166.

Bill of exception No. 11 presents the point of the alleged error in the trial court's action in refusing to submit as an issue the question of whether or not the alleged stolen property was in the possession of McPherson, it being shown that the indictment alleged same in McPherson while the proof showed an issue as to whether it was in his or Doggett's possession. We think the circumstances of the case already detailed show that possession was properly laid in McPherson and in our opinion the trial court correctly refused to submit same as an issue to the jury.

By bill of exception No. 6 the point is presented that it was error to prove statements made by appellant to officers when questioned with reference to the wire, the substance of which was that he didn't know where he got the wire. The objection was that he was under suspicion of having stolen the wire and such statement was made without warning, not reduced to writing, etc. This bill merely shows that he was questioned in the County Attorney's office, that a court of inquiry was being held, that the officers suspected appellant of stealing the wire, but it is nowhere alleged or shown that appellant knew he was so suspected. Under these facts the bill presents no error. McMeans v. State, 55 Tex. Crim. Rep. 69; Branch's P. C., Sec. 69.

It was shown on motion for new trial that during the deliberations of the jury and before the penalty was agreed on, one of the jurors casually remarked: "I wonder why the defendant didn't

take the stand and testify," at which time someone replied that "the judge said that we could not consider that." At this the matter was dropped and does not seem to have been referred to by the jury after this time. There does not seem to have been any discussion of same and the matter went no further than being merely mentioned as heretofore stated. These facts would not furnish a basis for reversal. Jenkins v. State, 49 Tex. Crim. Rep. 457; Leslie v. State, 49 S. W. 73.

Believing the evidence sufficient and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.