## I. T. Harrell v. The State.

No. 14039.   Delivered March 11, 1931.
Rehearing Granted October 7, 1931.

The opinion states the case.

*DeWitt Bowmer,* of Temple, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is transporting liquor; punishment, one year in the penitentiary.

The sheriff and deputy testified that they observed appellant in a public street in possession of intoxicating liquor under circumstances which justified his arrest under article 212, C. C. P., authorizing an officer to arrest without a warrant one who commits a felony in the presence of the officer.

The appellant did not testify.   His wife testified that appellant's health had been bad for the last three or four years and that he drank whisky just before breakfast for an appetizer, as it appeared to give him an appetite and caused him to eat more, and that he had been following that habit for the last two or three years.

The record contains two bills of exception.   Bill No. 1 sets out in full appellant's exceptions to the court's charge:   (1) Because the court charged the jury that it was an offense punishable by confinement in the penitentiary for one to five years for any person to transport spiritous liquor capable of producing intoxication and ignored the appellant's

defense that said whisky was being transported for medicinal purposes; (2) because the court charged the jury that whisky is an intoxicating liquor; (3) because the charge does not define the word "whisky," the evidence having raised the issue as to whether the liquor in controversy was whisky or not; (4) an objection to the charge as a whole; (5) an objection to paragraph four of the court's charge because it wholly ignored appellant's defense that he was transporting the liquor in question for medicinal purposes and authorized the jury to convict the appellant even though the jurors believed that he was transporting same for medicinal purposes.

There was no contradiction of the fact that the liquor the officers found on the appellant, as well as that which he threw down on the street, was whisky. The court in his charge to the jury in substance told the jury that they would not be authorized to convict appellant unless they believed that it was intoxicating liquor and that if they had a reasonable doubt as to whether the liquor was whisky, they would acquit the appellant. The court also defined the words "intoxicating liquor." Under the law the judge may assume that whisky is intoxicating. Aston v. State, 49 S. W., 385; Maddox v. State, 55 S. W., 832; Hambright v. State, 60 Texas Crim. Rep., 253, 131 S. W., 1123; Mayo v. State, 62 Texas Crim. Rep., 110, 136 S. W., 790. The court also charged the jury that if they found and believed or had a reasonable doubt that appellant was transporting said liquor, if he was transporting it, to drink to stimulate his appetite, or for any other medicinal purposes, then they must acquit him and say by their verdict not guilty. Some objection is also made to the charge as to the way and manner the court presented the affirmative defense of medicinal purposes. Taking the charge as a whole every right and defense that appellant was entitled to under the evidence was accorded him and we cannot see where any injustice or injury to appellant was caused by the manner in which his defense was submitted to the jury.

By bill of exception No. 2 the appellant claims that he should have been granted a new trial because of the misconduct of the jury. He contends that the jury was guilty of misconduct in that they received other and additional testimony during their deliberations which was material evidence and prejudicial to the appellant and injured him and caused his conviction, and because the jury commented upon the failure of the appellant to testify on the trial of the case. All of the jurors testified upon the hearing of the motion for new trial. We find no evidence to show that the jury received any other or additional testimony during their deliberations. Upon the issue that the jury commented upon the failure of the appellant to testify as a witness in this case, we have carefully considered the testimony of all twelve of said jurors. No one of said jurors admits having referred to the failure of the appellant to testify.

Eight of them state that they never heard the failure of the appellant to testify discussed and those who claimed to have heard some juror mention appellant's failure to testify all differ as to what was said and could not give the name of the juror who made the remark. · The foreman of the jury testified that he heard reference made to the failure of appellant to testify. "It was mentioned. I don't know just how it was mentioned. I reached over and took the charge and read it and after that defendant's failure to testify was not mentioned any more." This evidence on the part of the foreman is not contradicted. There does not seem to have been any discussion of same and the matter went no further than being merely mentiond, as heretofore stated. The appellant received the minimum punishment for the offense for which he was tried. This court has held that a mere reference to the fact that the accused failed to testify by a juror accompanied by no discussion of it in their retirement is not in every case a ground for reversal. Leslie v. State, 49 S. W., 73; Mason v. State, 81 S. W., 718; Hammonds v. State, 114 Texas Crim. Rep., 394, 23 S. W. (2d) 372; Vinson v. State, 96 Texas Crim. Rep., 307, 257 S. W., 905; Dyer v. State, 96 Texas Crim. Rep., 301, 257 S. W., 902. We do not believe under the interpretation of article 710, Vernon's C. C. P., given by this court in the cases mentioned that the mere mention of the failure of appellant to testify in his own behalf as shown in this case constitutes such a transgression of the statute as would call for a reversal of the case.

No reversible error appearing in thè record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—There seems to have been no conflict of evidence or contradiction of the fact that members of the jury, during their deliberation, made comments upon the defendant's failure to testify and explain his reason for ᵃtransporting the whisky found in his possession. To illustrate, the testimony of juror Smith is as follows:

"I did hear mention of the failure of the defendant to testify while the jury was considering its verdict. I do not remember which juror mentioned it. * * * Some one made the statement that the defendant didn't take the stand and was saying that he had the privilege not to do so. * * * The reference to the failure of the defendant to testify was made between ·the first and fourth ballots and was made before I voted for guilty. I tried to decide the case according to the law and evidence,. but the argument that the defendant did not explain or testify had some

weight with me to vote for guilty. * * * There was some talk about him not doing so—about him not using it for medicine and not taking the stand."

The testimony of juror Sherrod is as follows:

"During the time that we were considering the case there was a good bit of discussion. * * * Some argument was made by the jurors that if the defendant had not had the whisky, he would have testified. I do not know which one of the jurors made that argument. * * * There was no discussion—just heard the statement. That was all I heard about it—something was said about it."

Juror Hartrick gave testimony as follows:

"I did hear reference made to the defendant's failure to testify. It was mentioned. I don't know just how it was mentioned. I reached over and took the charge and read it. I do not know who said it—all were talking at once. I looked at the charge and read the charge and after that his failure to testify was not mentioned any more. * * * I only heard them talk about his failure to testify one time. I do not know how many were in that discussion. There were three or four talking at once. * * * After the discussion I picked the court's charge up and read it over down to the place that said the defendant didn't have to testify before I called the jury's attention to that part of the charge. I did not read the whole charge out loud."

The testimony of juror Carver is as follows:

"The jury was not always together. At times there would be two or three in one room and part of the jury in another room. All of the jurors could not hear all that was said during such times. * * * Mr. Hartrick read the court's charge. I don't remember hearing him read that portion of the charge that discusses the failure of the defendant to testify."

That of juror Weaver is as follows:

"Some one started to say something about defendant not explaining why he had the whisky, and what he was going to do with it. I do not know all of the jurors, and we were sometimes separated. I did not hear all that was said."

In view of the statute, article 710, C. C. P., 1925, declaring that the failure of any defendant to testify shall not be taken as a circumstance against him nor shall the same be alluded to or commented upon by counsel in the cause, and article 753, C. C. P., subd. 8, relating to misconduct of the jury, and the interpretation and the application of the statutes mentioned by this court, we are constrained to regard the evidence in the present instance as going much beyond the bare allusion to the failure of the accused to testify in his own behalf. Manifestly, the decisions are too numerous to justify any general discussion. The following, however, are regarded in point: Clark v. State, 76 Texas Crim. Rep., 645; Stone

v. State, 79 Texas Crim. Rep., 219; Boozer v. State, 82 Texas Crim. Rep., 72; Roberts v. State, 85 Texas Crim. Rep., 196; Walling v. State, 59 Texas Crim. Rep., 279; Hammonds v. State, 106 Texas Crim. Rep., 122; Laake v. State, 108 Texas Crim. Rep., 206.

For the reasons stated, the motion for rehearing should be granted, the order of affirmance set aside, the judgment reversed and the cause remanded.

*Reversed and remanded.*