J. D. KNUDSON v. THE STATE.

No. 14989.   Delivered March 16, 1932.

The opinion states the case.

*R. H. Forrester,* of Wheeler, and *Reynolds & Heare,* of Shamrock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Operating under a search warrant, officers went to appellant's residence and discovered therein some crocks containing eleven gallons of liquid, which they called beer. The opinion that the liquid was beer was based alone upon smelling the contents of the crocks. The liquid was not tasted by any of the officers. They poured it out at the time the search was made. The officers testified that they did not know whether it was

intoxicating or not. An accomplice witness testified that a jar containing more than a quart of whisky, which the officers found buried near appellant's home, belong to appellant. Another witness testified that he found some whisky near appellant's home. His testimony was to the effect that appellant claimed the whisky. Appellant did not testify. One officer said: "This beer I mentioned was in opened jars or crocks in the kitchen. Mrs. Knudson, at the time we were there, said something about it being her beer, or she claimed it some way, I don't remember just the words she used. I did not taste the beer, but it looked just like any other beer. It probably wasn't just the kind of beer we used to have, but it resembled very much the beer we have now, or that which is called beer, but I do not know whether it was intoxicating or not."

In his motion for a new trial, appellant alleged that the jury had been guilty of misconduct, in that they had, prior to finding a verdict, discussed the fact that he had not taken the witness stand and testified. The court heard testimony on the allegation of misconduct. A vote was taken immediately upon the jury going into the jury room, the result being ten for conviction and two for acquittal. The opinion is expressed that there is no conflict of evidence or contradiction of the fact that members of the jury, during their deliberation, made comments upon appellant's failure to testify and explain whether the liquid found by the officers was intoxicating. We regard the evidence as going beyond the bare allusion to the failure of appellant to testify in his own behalf. In view of the statute, article 710, C. C. P., declaring that the "failure of any defendant to testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause," and of article 753, subd. 8, C. C. P., relating to misconduct of the jury, we are constrained to hold that appellant is entitled to a new trial. Harrell v. State, 118 Texas Crim. Rep., 279, 42 S. W. (2d) 438, and authorities cited.

We entertain grave doubt as to the sufficiency of the evidence to show that the liquid found in the crocks in appellant's house was intoxicating. While beer is judicially known to be an intoxicating liquor, we find in this case that the officers based their opinion that the liquid was beer on the fact alone that they smelled it. They said that they did not know whether or not it was intoxicating. We disclaim any intention of holding that the proof was insufficient to show that appellant possessed whisky for the purpose of sale.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.