HENRY JORDAN v. THE STATE.

No. 18268. Delivered May 20, 1936.

The opinion states the case.

*W. J. Bragg,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being assessed at death. We have been favored with no brief for appellant, but are much disturbed by the failure of the court to submit to the jury the issue of insanity. The omission to charge on the subject was pertinently called to the court's attention by written objection to the court's instructions.

Appellant was on trial charged with the murder of Dora May Patterson on the night of April 15, 1935. The evidence shows that appellant had been living with deceased. She was staying at the house of Luke Walters. Just what the relations were between Walters and Dora May is not clear. On the night mentioned both Walters and Dora May were killed by appellant, who then set on fire the house in which the killing occurred. The house was destroyed and the bodies badly burned, but sufficiently identified. Under the disposition of the case which seems called for it is not necessary to make any further statement of the facts. Appellant and the two persons killed were negroes.

Dr. D. C. Hyder testified that he had known appellant since 1930 and that in 1935 appellant had syphilis, which was affecting the main central nerves. Witness treated him for that disease and observed him from time to time, and testified that in his opinion appellant was insane. Continuing his testimony, the doctor gave the medical terms describing appellant's condition and the tests which led to his opinion, and then said:

"It has been within this year that I became convinced defendant's mind was affected. When I started treating—I would have to go to my record. I would say I started several days before the alleged committing of this act. The reason I was treating him was because I had determined he was insane. I was treating him for syphilis of the nervous system. I am positive I treated him two or three days before the day he is charged with the murder down here. At that time, these two or three days when I treated him, I was convinced he was insane."

Regardless of other testimony which might have authorized the jury to find against the plea of insanity had the issue been submitted, evidence of the physician mentioned raised an issue of insanity which should have gone to the jury. It is true said witness did not in so many words testify that appellant did not know the difference between right and wrong as to the killing, and it may be this was the reason the issue of insanity was not submitted. To raise the issue it is not necessary that testi-

mony be conclusive on the point which the jury would be called upon to decide. In Copeland's case (94 Texas Crim. Rep., 167, 249 S. W., 1049) a physician would have testified that accused's mind was diseased and unbalanced, and that he was not capable of understanding and acting with discretion in the ordinary affairs of life. The evidence was rejected on objection that the true issue was whether accused's mind was in a condition which enabled him to know the right and wrong of the particular act in question. The exclusion of the evidence was held error, upon the ground that it was admissible and relevant on the very issue mentioned. See also Plummer v. State, 86 Texas Crim. Rep., 487, 218 S. W., 499.

Because the issue of insanity was not submitted, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*