HURLIE MANNON v. THE STATE.

No. 6541.   Decided December 14, 1921.

Rehearing denied January 11, 1922.

1.—Rape—Peremptory Charge—Rule Stated—Penetration.

Where, upon tria' of rape on a female under the age of consent, the female testified positively to the acts of intercourse with defendant and other evidence showed signs of penetration, there was no error in refusing the peremptory charge to acquit.

2.—Same—Requested Charge—Weight of Evidence.

Upon trial of statutory rape, where the evidence for the State showed that several physicians examined the injured female and testified that her private parts were very much enlarged and that she had been apparently penetrated, etc., and that the examination took place some weeks after the alleged rape, a requested charge which was upon the weight of the evidence with reference to said testimony of the physicians was correctly refused.

3.—Same—Age of Female—Charge of Court.

Wher: the indictment charged that the age of the alleged female was ur.der fifteen years of age, and the evidence showed without controversy that said female was but eleven years of age at the time of the trial, there was no reversible error in the court's charge that rape was the carnal knowledge of a female under the age of eighteen years, etc.   Distinguishing Young v. State, 89 Texas Crim. Rep., 230.

4.—Same—Evidence—Date—Physical Examination.

It is no good objection to the testimony of a physician, who examined the injured female that whi'e same took place after the alleged rape, the date of such examination could not be stated with accuracy.

5.—Same—Separation of Jury—Practice in Trial Court—Affidavit.

Where the motion for new trial complaining of the fact that the jury were not kept together during the trial, etc., were supported by the affidavit of defendant and his counsel. and was controverted by the State by a counter affidavit of the officers of the court, and no oral testimony was introduced on said motion, although opportunity was offered to do so, and the court decided the question in favor of the State, upon the affidavits submitted by both parties, there was no reversible error.

6.—Same—Requested Charges—Grand Jury.

Where the requested charges alleged that prosecutrix was under persuasion at the time she appeared before the grand jury. there was no error in refusing same, as the petit jury was concerned only with the testimony of the witnesses before them.

7.—Same—Sufficiency of the Evidence.

Where, upon trial of statutory rape, the evidence sustained the conviction, there was no error in overruling a motion for new trial upon that ground.

8.—Same—Rehearing—Peremptory Charge—Acquittal.

Where, upon trial of statutory rape, the testimony was such as to make it plain that the trial court would have improperly undertaken to adjudicate the issues themselves, and that the requested peremptory instructions to acquit were correctly refused, there was no reversible error.

**9.—Same—Requested Charge—Examination of Prosecutrix.**

This court is at a loss to understand appellant's contention that the jury should have been instructed not to consider the fact that the examination of the physicians discovered the enlargement of the private parts of the alleged female, because of the lapse of a few weeks before the examination, as such condition was clearly a matter of fact to be considered by the jury. It is not conceived how a proper charge could have been written directing the jury not to consider such circumstances.

**10.—Same—Age of Prosecutrix—Charge of Court.**

While the indictment alleged that the rape was committed upon a girl under the age of fifteen, the facts without dispute showed her to be eleven years of age at the time of the trial, and there was no reversible error in the court's charge placing the age of consent at eighteen.

**11—Same—Motion for New Trial—Misconduct of Jury—Discretion of Court.**

All matters relating to the misconduct of jurors are addressed primarily to the discretion of the trial court, and unless it appears to this court that such discretion has been abused, it will uphold the conclusions of the court below, and there was no reversible error.

Appeal from the District Court of Orange. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of statutory rape; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Adams & Bruce, Hollis M. Kinard,* and *Ed. S. McCarver,* for appellant.—On question of peremptory charge to acquit: Blackmon v. State, 220 S. W. Rep., 93; Galaviz v. State, 198 id., 946.

On question of refusing requested charges: Jones v. State, 216 S. W. Rep., 884; McCormick v. State, 216 id., 871.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Orange County of rape alleged to have been committed upon a female under fifteen years of age, and his punishment fixed at fifteen years in the penitentiary.

The facts will sufficiently appear in the opinion. Appellant asked an instructed verdict of not guilty, which was correctly refused. Prosecutrix, a girl eleven years old at the time of the trial, testified positively to acts of intercourse with appellant. Several doctors who examined her bore witness to the fact that her female organs were very much enlarged, and that she had apparently been penetrated by something, which, they said, could have been the male organ of a man. This clearly took the case to the jury for their decision.

The court below refused appellant's special charge No. 4, which is as follows:

"You are instructed that if you find from the evidence in this case, that the physicians who testified in the case, found the female organ of Thelma Johnson unduly enlarged, that said finding was made by examination of the aforesaid physicians several weeks after this offense is alleged to have been committed, and the enlargement of the private parts of the said Thelma Johnson could reasonably have been caused by self-abuse, or by a person or persons, other than the defendant, you will not consider the circumstances that her private parts were so enlarged, as a circumstance against the defendant."

That this was on the weight of the evidence is apparent. The fact that the physicians did not examine the child for some weeks after the alleged rape, would not remove the condition found by them to exist, from the jury's consideration.

"Under the facts of the instant case there was no error in the court's statement to the jury that rape was the carnal knowledge of a female under the age of eighteen years, not the wife of the accused, with or without her consent." It is true the indictment herein charged that the age of the female in question was under fifteen years. If there had been any question in the case raised as to the age of prosecutrix, and any suggestion in the testimony that she was over fifteen but under eighteen years of age, as was the case in Young v. State, 89 Texas Crim. Rep., 230, 230 S. W. Rep., 414, cited by appellant, it might have been erroneous for the trial court to define rape as was done in the instant case. An examination of the record herein, however, shows without suggestion of contradiction, that the girl in question was but eleven years of age at the time of the trial. The definition of rape in the court's charge was in accord with that now made by our statute, and while not in exact accord with the age as fixed in the indictment, it could not possibly have been prejudicial to appellant to state the definition of rape as given to the jury by the court.

It is not a good objection to the admissibility of testimony of a physician who examined the child, that while same took place after the alleged rape, the date could not be stated with accuracy, he having nothing present to enable him to fix the exact date.

In his motion for new trial appellant complains of the fact that the jury were not kept together during the trial, and that they discussed with each other the facts of the case prior to the submission of same to them by the charge of the court. Appellant's motion was sworn to, and attached thereto was the affidavit of one of his counsel, who stated in substance that after the jury was impaneled and sworn they were separated and out of the presence and hearing of each other, and scattered in and around the courthouse of Orange County, and that there were other and various persons in said courthouse and yard, and that the jurors could have discussed the merits of the case, or other matters, with such other persons. The paragraph of said motion referred to and the matters sworn to by appellant's counsel were controverted by the State, and attached to such counter affidavit are the

affidavits of two deputy sheriffs who had charge of the jury during the trial, and who state that during the entire time the jury were not at any .time separated, and that they could not and did not talk to or discuss said cause with any other person during said trial. Appellant's bill of exceptions complaining of this matter is qualified by a statement of the trial court to the effect ·that each of the jurors who tried said cause was summoned as a witness and in attendance upon the hearing of appellant's motion for new trial as well as Mr. Foyle, the deputy sheriff who had them in charge, and the attorney for appellant whose affidavit was attached to said motion for new trial, and that upon said hearing of said motion the court gave to appellant full opportunity to present any evidence which he might desire in support of said ground of his motion for new trial, but appellant's counsel declined to offer further testimony than to submit to the court the affidavit theretofore made by his attorney; that thereupon the State offered in evidence the affidavit of the two deputy sheriffs above referred to. In this condition of the record, no testimony having been adduced from any of the jurors who were present in court at the hearing of said motion for new trial, to substantiate the fact of their separation, or communication with other persons, it appears to us that appellant's complaint is without merit, and that the controverting affidavits of the State which were before the court and considered by him, were sufficient to overcome the *prima-facie* case made by the affidavit of appellant and his coun-sel, and that the trial court did not err in refusing appellant a new trial in that condition of the record. There is no separate statement of the facts adduced before the trial court upon the hearing of said motion, and nothing pertaining thereto save the affidavits and the matters con-tained in the bill of exceptions, which is qualified as stated.

We find nothing in the special charges asked by appellant to call for their submission to the jury by the trial court. It would have been improper for the court to submit to the jury the issue as to whether prosecutrix was under persuasion at the time she appeared before the grand jury which returned the indictment. The jury trying the case were only concerned with the testimony of the witness as adduced be-fore them.

We regret our inability to agree with learned counsel's contention that the evidence is not sufficient to support the verdict. It is true that the prosecutrix was but eleven years of age at the time of the commis-sion of the offense, and only in the fourth grade in school, and did not seem to understand very clearly the nature of her oath, nor the enor-mity of the offense charged against appellant, and it may be that she had not been well taught in regard to the morals of the matter in-volved, but her evidence makes out with sufficient cogency to justify the jury in their conclusion of guilt, the fact that appellant had intercourse with her. The testimony of various parties who said they had seen the continued intimacy of the children with appellant in his home and at other places, and had never observed any undue familiarity or

anything apparently wrong in such association, was before the jury for their consideration as was the denial of the facts alleged, on the part of appellant. These were all matters of fact which were submitted to the jury and by them decided against appellant, and we have before us no evidence of passion or prejudice on the part of the jury, and their view of the proper way to reconcile the conflicts in the testimony is not for us to controvert.

Finding no reversible error in the record the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

January 11, 1922.

LATTIMORE, Judge.—Counsel for appellant file a most urgent motion for rehearing. It is insisted, first, that we erred in upholding the refusal of a peremptory charge for acquittal. Referring to the facts as shown in the record, we find that two physicians examined the girl upon whom the alleged assault was committed some weeks after the date of same, and both swore to the fact that her privates were so enlarged as to easily make possible intercourse with a grown man. Each doctor said that her hymen was gone and that he inserted two fingers into the vagina apparently without pain. Another witness also testified that she saw appellant on one occasion with his hands up under the clothing of the prosecutrix. The prosecutrix herself swore positively that appellant made the assault upon her, and that his private penetrated hers on the occasion referred to. The statement we have just detailed makes it plain that the trial court would have improperly undertaken to adjudicate the issues himself, and that the requested peremptory instruction was correctly refused.

It also appears from the record that some weeks elapsed after the act charged against appellant, before the doctors examined the prosecutrix and found the condition disclosed by their testimony. We are at a loss to understand a contention that the jury should have been instructed not to consider the fact that the examination of the physicians discovered the enlargement of the private parts of the child, because of the lapse of a few weeks before the examination. Such condition would clearly have been a circumstance to be considered by the jury in determining whether the child had been sexually known by appellant or anyone else. Nor are we able to perceive any soundness in the contention that appellant's special charge requesting that the jury be instructed not to consider such circumstances, was sufficient to call the attention of the court to the necessity for a proper charge regarding this matter, even though itself improperly worded. We cannot conceive how a proper charge could have been written directing the jury

not to consider such circumstances and condition as testified to by the doctors.

We find no reason for changing our view as announced in our opinion to the effect that the charge of the court submitting to the jury that intercourse with a female under the age of eighteen years was rape, was correct under the facts in this case and the indictment. While the indictment did allege that the rape was committed upon a girl under the age of fifteen, the facts without dispute or equivocation showed the girl to be eleven years of age at the time of the trial. We find nothing in any expression of this court in Young v. State, referred to in our opinion, which is authority for a contrary view.

All matters relating to misconduct of jurors are addressed primarily to the discretion of the trial court when brought forward by motion for new trial, and unless it appears to us that such discretion has been abused we have always held it our duty to uphold the conclusion of the court below. In the instant case appellant himself and his attorney filed affidavits suggesting a separation and possible discussion of the case with outside parties, by the jury while deliberating herein. The State's controversy consisted of the affidavit of the county attorney and of a deputy sheriff specifically denying the matters set up in appellant's motion and affidavit. As heretofore stated, notwithstanding the fact that the jury who tried the case were present at the hearing of the motion for new trial and that appellant was given an opportunity to introduce the testimony of any of them that he desired, he declined to do so, apparently preferring to rest the case upon the affidavits made by himself and his attorney. We concluded in our original opinion that nothing appeared showing any abuse of the trial court in his view that appellant had not discharged the burden upon him of showing some wrongful act on the part of the jury in ruling against appellant in this matter. We are not led to change our views in this matter.

All of the other matters contained in said motion for rehearing relate to questions discussed by us in the original opinion, and introduce no new matter and lead us to no different conclusion.

Being of opinion that the case was properly decided the motion for rehearing will be overruled.

*Overruled.*