JOHN WEBSTER V. THE STATE.

No. 9608.　Delivered December 2, 1925.

**Aggravated Assault—Charge of Court—Objections to—How Preserved.**

Objections to the court's charge must be in writing, and must show
that they were presented to the court before the main charge was read
to the jury, and that exceptions were reserved to the court's action in
overruling the objections and approved by the court, or they will not be
considered on appeal. See Art. 658 C. C. P. 1925. The evidence being
sufficient to support the verdict this cause is affirmed.

Appeal from the District Court of Lamar County. Tried be-
low before the Hon. Ben H. Denton, Judge.

Appeal from a conviction for an aggravated assault, penalty
a fine of $50 and 30 days in the county jail.

The opinion states the case.

*Chas. Roach,* of Paris, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,*
Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was put on trial upon an in-
dictment charging him with assault with intent to murder one
T. S. Stites. A conviction for aggravated assault resulted with

the punishment fixed at a fine of $50 and 30 days' confinement in the county jail.

The evidence is conflicting; that of the State supports the verdict and judgment; that offered by the defense, if accepted by the jury, would have justified an acquittal. The jury has determined this matter in favor of the State. It is not that character of case in which this court would be authorized to interfere with the judgment.

The record contains no bills of exception complaining of any procedure during the trial. There is what purports to be a bill complaining of a certain paragraph of the court's charge, but it is not approved by the trial judge and therefore can not be considered. It has no place in the record. If it had been approved it is in no condition to be considered; while stating that appellant objected to the portion of the charge at which the criticism is directed, it fails to state that objections thereto in writing were filed as required by Article 658, C. C. P. 1925 Revision, 735 Vernon's C. C. P.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*