### CLAUDE ELLIS v. THE STATE.

No. 12194. Delivered February 19, 1930.
Reported in 25 S. W.. (2d) 347.

198

The opinion states the case.

*J. H. Aynesworth* of Stinnett, and *Robert M. Turpin* of Tulsa, Oklahoma, and *Black & Graves* of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of fifteen years.

That the appellant, Claude Ellis, had carnal knowledge of Leola Howard was proved and is not a controverted question; that Leola Howard, prior to the act of the appellant, had had sexual intercourse with other men was likewise proved and is not a controverted question. In her testimony she said that she had willingly had intercourse in September, 1927, some four months before her relations with the appellant took place, with one Watt Gilliam. She declared upon the witness-stand that she had had sexual intercourse with Gilliam four times; that she had also had sexual intercourse with

Russell Baker and Raymond Fletcher. According to her testimony, the prosecutrix became fifteen years of age on the 27th day of January, 1928. She being of unchaste character, the crucial question of fact is whether the act of intercourse was prior or subsequent to her attaining the age of fifteen years; that is to say, whether the act occurred before January 27, 1928, or after that time.

The circumstances preceding the act with the appellant were these: Leola Howard and Ina Griswold entered a Chevrolet Coupe belonging to Harvin Chambers. They rode into the country to a point where they met the appellant who was in his automobile. The prosecutrix got out of Chambers' car and entered the car of the appellant. The appellant and the prosecutrix went to a secluded place and had intercourse, she consenting. After the act, the prosecutrix re-entered the car of Chambers and his companion, Ina Griswold, and the three returned to town together.

The prosecutrix testified that according to her best recollection, the date of the act of intercourse with the appellant was "a few days" before January 27, 1928. Ina Griswold made substantially the same statement, namely, that the occurrence took place, according to her recollection, "a few days" before January 27, 1928. According to other State's witnesses, the parties were seen together in town near a filling-station at a date which was fixed at some time between the 15th and 20th of January. The testimony of the prosecutrix makes it clear that the automobile in which she went to meet the appellant was a new Chevrolet Coupe belonging to Chambers. The testimony of Chambers and the appellant were to the same effect. Chambers testified that he purchased the car on the 27th day of January, 1928, and on that date received a bill of sale for it; that on the following day he issued a check in payment of the car. He further testified that the time of the meeting between the appellant and the prosecutrix, as described by her, was February 20, 1928. The person from whom Chambers purchased the car testified that the trade was made on the 27th day of January, 1928, and that the car was delivered to Chambers upon that day; that it was not driven out of the garage by Chambers before that time. The bill of sale was introduced in evidence and identified, and bore the date of January 27, 1928. The check was likewise introduced and bore the date of January 28, 1928. Other witnesses testified to circumstances pointing to the fact that the meeting between the appellant and the prosecutrix upon the occasion when the act of intercourse took place,

was in February, 1928, subsequent to the date when she became fifteen years of age.

In their brief, counsel for the appellant summarizes the facts as follows:

"Looking to the record as a whole, and viewing it from the State's standpoint, the following appears: The act upon which the prosecution is based occurred after this Coupe was purchased. The jury under the evidence could not have found otherwise. It is proved with equal conclusiveness that this car was not in the possession of Chambers and was not being used by Chambers until after January 27, 1928—until after prosecutrix was fifteen years of age. It was proved conclusively that Chambers did not purchase the car until January 27, 1928. Against this undisputed evidence there is only the opinion or the guess of prosecutrix and her cousin as to the date when the intercourse occurred. They claim that it occurred a few days before January 27, 1928, but they are unable to accurately fix the date. They give at most a mere estimate—an estimate proved to be erroneous by the undisputed evidence. This does not present a question of conflicting evidence to be solved by the verdict of the jury. Here certain facts are proved indisputably, and these facts overcome the vague and general testimony stating that the intercourse was prior to January 27th."

In his closing argument, State's counsel stated:

"The defendant is gathering young girls into his web for his purposes."

Over the objection of the appellant there was received in evidence testimony of the parents of the prosecutrix that the appellant was not in company with their daughter with their knowledge or consent. Both the argument and the testimony to which reference is last made seem to have been improper. The claim that the appellant was "gathering young girls into his web for his purposes" seems a conclusion justified by no evidence in the case which has come to our attention. The knowledge and consent of the parents of the prosecutrix of the fact that the appellant kept company with their daughter was not relevant to any issue in the case, and its reception in evidence over the appellant's objection was calculated to impress the jury that in the minds of the parents of the prosecutrix there was something in the reputation of the appellant which discredited him. However, while neither the argument nor the evidence mentioned was, we think, properly received, neither one nor both would be regarded sufficient to justify a reversal of the judgment, but in view

of the evidence and the penalty assessed, are not to be ignored. The great preponderance of the evidence leads to the conclusion that the act of intercourse between the prosecutrix and the appellant took place after she had reached the age of fifteen years. She being admittedly an unchaste person before his intercourse with her, his conviction could not stand if the act with her was after she reached the age of fifteen years. Upon the subject of the date, the testimony of the State and of the appellant concur to the point that the act was after Chambers had acquired his Chevrolet Coupe. The testimony of the prosecutrix and her companion, Ina Griswold, is but to the effect that *according to their recollection* this occurred before January 27, 1928. Not only is the *recollection* of the appellant's witnesses to the contrary, but the documents which evidenced the transaction in which Chambers acquired the automobile mentioned, coincide with the testimony of the appellant's witnesses. Not only that of Chambers but the person from whom he bought the car, the bill of sale and the check, all point to the fact that the recollection of the girls as to the date is not accurate.

Touching the improper remarks of counsel and the evidence received, it may be said that something in the case other than the evidence itself apparently enhanced the verdict. The prosecutrix, from her own testimony, was thoroughly polluted before the act of the appellant. It was not his act which defiled her, but many others had preceded it. The minimum penalty would have been five years in the penitentiary, and that the ten additional years which the verdict assessed against him were not induced in part by the errors pointed out certainly cannot be demonstrated.

In the charge to the jury the court, over the objection of the appellant, embodied the following paragraph:

"If you believe from the evidence, beyond a reasonable doubt, that the defendant, Claude Ellis, had carnal knowledge of the said Leola Howard, and you further believe from the evidence that at the time he had such carnal knowledge of her (if he did have carnal knowledge of her) that she was under fifteen years of age, then and in such event you will disregard and not consider for any purpose whatever in this case any testimony admitted before you showing previous acts of unchastity on the part of the said Leola Howard, except only for the purpose of affecting her credibility as a witness if it does affect her credibility."

The legal proposition found in the charge is not deemed sound. If the prosecutrix was unchaste and over fifteen years of age at the

time of the appellant's carnal knowledge of her, he was not guilty of the offense with which he was charged. Evidence of her want of chastity was properly an issue before the jury. It is one of the elements of the defense made so by statute. See Art. 1183, P. C., 1925. Her testimony showing her previous carnal relations with men was before the jury without qualification and without objection. The admissibility of such testimony, when it illustrated a controverted issue, was affirmed by this court in the case of Battles v. State, 63 Tex. Cr. R. 147, in which previous cases to the contrary were overruled. It is conceived that no objection to it would have been tenable. In embracing the paragraph of the charge copied it is believed that the learned trial judge transgressed the established rule inhibiting the singling out of particular parts of the evidence and giving the jury instructions to their effect. So far as we perceive, there was no occasion for limiting this testimony, and the limitation upon it was apparently contrary to the statutory rule which in term says that "in the charge the court shall not express any opinion as to the weight of the evidence, nor shall he sum up the testimony." Art. 658, C. C. P., 1925. The charge, in limiting the testimony and withdrawing it for all purposes except on the question of her veracity, was prejudicial to the accused, was restrictive of his rights, and was also an abridgment of the functions of the jury in assessing the punishment. It was the province of the jury to determine, if the appellant was guilty, whether the penalty should be confinement in the penitentiary for five years or for a longer period of time, or should suffer death. To aid them in that important duty, they were entitled to all the facts and to all the relations and conditions of the parties which were developed in evidence. Touching the subject of limiting the testimony showing the want of chastity, the principle applied by this court in the opinion of Judge Davidson in the case of Huddleston v. State, 54 Tex. Cr. R. 94 (see page 99) in which the court undertook to limit the effect of evidence of uncommunicated threats, is analogous.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*