STANLEY TAYLOR V. THE STATE.

No. 13367. Delivered April 23, 1930.
Reported in 27 S. W. (2d) 196.

The opinion states the case.

*Mathis & Mathis* and *E. H. Cavin,* all of Houston, for appellant.

*O'Brien Stevens,* District Attorney and *E. T. Branch,* both of Houston, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—The offense is murder and the penalty life imprisonment in the penitentiary.

Appellant was a negro boy about eighteen years old at the time of the alleged commission of the offense. He visited the home of the deceased on the night preceding the tragedy where a party was in progress, during which there was gambling going on. Appellant participated in some of this and had trouble, in which he lost his cap, and went home. Deceased was not a participant in this. He returned about six o'clock in the morning with a shotgun. According to the State's testimony deceased was standing in the door doing nothing when appellant shot him. According to appellant's testimony deceased cursed him and made a demonstration as if to shoot him with a pistol, whereupon he shot him in self-defense. The testimony for the State and the appellant made a sharp issue as to whether the offense was a deliberate and unprovoked murder or whether it was justifiable.

It is vigorously contended that the evidence is insufficient to sustain the penalty assessed and that it was of such character that no penalty in excess of five years was authorized. The truth of the respective theories raised by the evidence and appropriately presented in the charge depended upon the credibility of the witnesses and the weight to be given to their testimony. By the express terms of Art. 657 and Art. 706, C. C. P. (1925), these matters are left discretionary with the jury. Of this question it has been said:

"This Court has never assumed the right, where the evidence is sufficient, if believed, but conflicting, to set aside the verdict because the judges might, if they had been upon the jury, believed the evidence of one witness and disbelieved that of another." Johnson v. State, 83 Tex. Crim. Rep. 64. See also authorities cited in Vernon's C. C. P. (1925), under Art. 706, Note 5, and Art. 657, Note 5.

We regard the penalty as sufficiently supported by the State's evidence, if believed by the jury. Since the tribunal vested by the statute with the right to pass on these conflicting theories has found adversely to the appellant and which has been approved by the trial court, we are without authority to disturb same.

Bill of Exception No. 1 was refused by the trial judge and Bill of Exception No. 1-A presents the alleged error of the trial court in making the remark in passing upon the admissibility of evidence that "We will reverse it again." We do not think that this remark could have injured the appellant. It could in no sense, we think, be construed to reflect upon or abridge in any way appellant's defense.

The sentence is imperfect and is here reformed so as to read that appellant shall serve the term of life and not less than two years in the penitentiary, and as reformed will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.