DICK KOELDER v. THE STATE.

No. 13940.   Delivered December 3, 1930.
Rehearing denied January 21, 1931.
Reported in 34 S. W. (2d) 611.

The opinion states the case.

*Milton J. Baird* of Plainview and *Marshall & Crunk* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Officers followed appellant's car for several hundred yards and saw him stop at the house of Frank Cannon. Cannon came to the car after appellant blew his horn. The officers testified that someone in the car handed something to Cannon, but that they were too far away to tell what it was. They said the car immediately turned and was driven away from the house. Appellant and his companion were arrested a short distance from the house. One of the officers went to Cannon's house and found a half gallon of whisky. Cannon testified that he got the whisky out of appellant's car after it stopped at his house. It was appellant's version that he carried the man who was riding with him to Cannon's home for the purpose of enabling him to talk "horse trade" with Cannon. Appellant testified in effect that he did not know that there was any whisky in the car.

We deem the evidence sufficient to support the conviction. The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is insisted by appellant in his motion for rehearing that this court should hold the evidence insufficient to show that he had knowledge of the presence of the whisky in his car at the time of the transaction out of which this prosecution grew. It would extend this opinion on rehearing unnecessarily to set out all the evidence bearing upon the question. The learned trial judge recognized this to be the pivotal issue in the case and in submitting it to the jury from the state's standpoint required the jury to believe from the evidence beyond a reasonable doubt that appellant "knowingly and intentionally" transported the liquor in question; and then submitting it from the defensive angle, incorporated in his charge the following instruction.

"You are further instructed by the Court that even though you may believe from the evidence, beyond a reasonable doubt, that there was whisky transported in said car at the time and place alleged in the indictment, that then you cannot convict the defendant, as charged in the indictment, unless you further find from the evidence in this case, beyond a reasonable doubt, that the defendant, Dick Koelder, knew and had knowledge that said whisky was in said car, if any, and knew that the same was then and there transported in said car, at the time and place alleged in the indictment; and, if you have a reasonable doubt thereof, you will acquit the defendant, and return a verdict of not guilty."

There is evidence in the record from which the jury was authorized to find that appellant had knowledge of the presence of the liquor in his car. If we should hold, as is insisted by appellant, it would be a substitution of our judgment for that of the jury upon a controverted issue of fact. This would be going beyond the proper province of this court.

The motion for rehearing is overruled.

*Overruled.*