FERREL KEITH v. THE STATE.

No. 14339. Delivered June 10, 1931.
Rehearing Granted June 15, 1932.
Reported in 51 S. W. (2d) 603.

The opinion states the case.

*Sanders & McLeroy,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, five years in the penitentiary.

According to the undisputed testimony Bessie Haley, prosecutrix herein, was fourteen years of age in November, 1929. Also without contradiction this appellant had intercourse with her during said month, as a result of which she became a mother, a baby being born in August, 1930. The fact that she became fifteen years of age on April 13, 1930, was affirmed by her mother and herself and questioned by no one.

If we understand this record, the only affirmative defensive theory is that the girl was of previous unchaste character; this resting upon the testimony of one Leon Golden to the effect that at some time prior to November, 1929, he had intercourse with this girl. This trial took place in November, 1930. Prosecutrix was subjected to a lengthy cross-examination, but was nowhere asked if she had ever had intercourse with Leon Golden. Her mother testified that appellant was the only sweetheart the girl ever had, and that she had never gone with other boys, except three or four times with one Robert Golden.

Leon Golden was the first witness introduced by the appellant. His direct examination is comprehended by ten lines of the statement of facts, and closes with the following: "I have gone with that girl and I have had intercourse with her." His cross-examination presents a most curious and apparently to the jury incredible statement. We quote from same as follows: "I do not know how many times I went with this young lady, but it was three or four times. I never did carry her any place but I have been over the community with her. I went to so many parties I do not remember whether I ever carried her from her home to one of them or not. I have seen her at parties at first one place and another. I do not remember where we were when I had an act of intercourse with her—it has been so long I don't remember whether we were in the house, in the woods, on the road, in an automobile, or where we were, nor do I remember what the occasion was. I do not remember whether I ever had more than one act of intercourse with her—I do not know whether I did or not. I do not remember of any single particular place I ever went with her but I have been around with her a right smart. I never did go with her from her home to any place and I do not believe I ever went from any place back to her home with her. If I ever had

an act of intercourse with her I do not have any idea of where it was."

At one place in the testimony of this witness he said: "It has been more than a year since I had intercourse with her."

This makes manifest the fact that if Leon Golden ever had anything to do with this girl it was at a time when she was under fifteen years of age, her fifteenth birthday being, as above stated, April 13, 1930. The testimony should not have been admitted, as showing previous unchaste character, save in case it be offered as mitigating the penalty, nor should the issue of previous unchastity have been submitted to the jury. It was submitted, and the jury were told that if they believed her to be of previous unchaste character, or had a reasonable doubt thereof, they should acquit. They did not acquit. This showed plainly that they did not believe Golden.

Our article 1183, P. C., provides that if the female, in a case of rape by consent, be fifteen years of age or over, the defendant may show that she was not of previous chaste character as a defense. Where, as in this case, no issue was raised as to the age of prosecutrix as being fifteen years old at the time of the alleged rape, testimony of previous acts of intercourse will afford no defense upon this ground.

Appellant presents complaint in his motion for new trial of alleged misconduct of the jury, consisting of a reference to the failure of the defendant to testify. The court heard evidence upon the point, and eleven jurors appeared and gave testimony. Their testimony covers too much territory to be here reproduced. There is some condition of conflict therein, but a majority of the jurors affirmed that the only reference, if any, to the failure of the defendant to testify was a mention of that fact by the foreman while reading the charge. As we gather from the testimony of Mr. Lawson, one of the jurors, the jury at that time stood eleven to one, and we infer from what he said that Mr. Lawson was the juror who had not yet voted for conviction. He affirmed that there was no discussion of the failure of the defendant to testify, and that what was said by the foreman was merely a mention of the fact. Under all the authorities, in matters of this kind, much discretion is lodged in the trial court, and, unless this court is convinced that that discretion has been abused to the injury of the accused, we will uphold the action of the court below. Lamb v. State, 98 Texas Crim. Rep., 358, 265 S. W., 1035; Vinson v. State, 96 Texas Crim. Rep., 307, 257 S. W., 905; Dyer v. State, 96 Texas Crim. Rep., 301, 257 S. W., 902; Wilson v. State, 87 Texas Crim. Rep., 538, 223 S. W., 217; Mannon v. State, 90 Texas Crim. Rep., 512, 236 S. W., 83; Manley v. State, 92 Texas Crim. Rep., 537, 244 S. W., 533. In Kelly v. State, 95 Texas Crim. Rep., 138, 252 S. W., 1065, we said that where an issue was joined before the trial court in matters of misconduct of the jury in discussing the failure of the accused to testify, and the trial court hears evidence of the jurors and

renders judgment thereon, the judgment will ordinarily not be reviewed on appeal unless this court be satisfied that the discretion of the trial court has been abused to the injury of the accused. The facts of any given case must be taken into consideration in passing upon matters such as this alleged error. This court cannot see how the jury could have done other than they did, unless they had given to the accused a heavier penalty than the minimum allowed. The facts were plain. The charge of the court gave to appellant more than he was entitled to, and the least penalty was awarded.

Finding no error for which the case should be reversed, an affirmance is ordered.

*Affirmed.*

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Without going at any length into a discussion of the facts in evidence upon the hearing of the motion for new trial, we have concluded that the testimony heard by the court is sufficiently strong, to say the least, to create in our minds a serious doubt of the propriety of the refusal of a new trial, sought because of misconduct of the jury in discussing the failure of the appellant to testify. The setting out of the testimony at length would be of no particular value.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*