ERNEST BRIDWELL V. THE STATE.

No. 14422.   Delivered November 4, 1931.
Rehearing Denied January 6, 1932.

The opinion states the case.

*Joe D. Bell,* of Paducah, and *Williams & Bell,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

The state's testimony is in substance as follows:   Two youths, Glen Sims and Tince Williams, found about eleven gallons of whisky.   They first hid the whisky and afterwards divided it, Sims taking a part of it to his home and hiding it.   Bridwell, the appellant, later sought Sims and said that "he had come for it".   Bridwell got out of his car.   Sims got in it, drove it to his home, returned in about five minutes and delivered the car to Bridwell.   Sims testified that he put the whisky in the car and that it was in the car at the time he delivered it to Bridwell.

Harve Williams, father of Tince Williams, testified that he rode to town with Bridwell in the latter's car after the time that Sims claims to have delivered it with the whisky in it, but that he saw no whisky in the car.

The appellant testified and denied his connection with the whisky. He said he had heard Glen Sims' testimony that he went to the field where he saw Tince Williams and Glen Sims.   After reaching the field, he loaned the car to Glen Sims, who wanted to borrow it.   Sims went to his house and returned.   If there was whisky in the car, the appellant knew nothing of it.   He denied the conversation with Joe Sims touching the twelve gallons of whisky and getting back nine gallons.   He said that if there was any whisky in the car he had no knowledge of it.

That there is conflict of evidence is obvious.   If the testimony of Glen Sims and Joe Sims is believed by the jury, it cannot be said that

the verdict is without support by the evidence. Joe Sims' testimony is to the effect that he was told by Bridwell that Glen Sims and Tince Williams had found twelve gallons of Bridwell's whisky and that he had gotten nine gallons of it back. Glen Sims' testimony is to the effect that Bridwell came to the field and told him that "he had come after it"; that Sims went in Bridwell's car to his home, put the whisky in the car, returned in about five minutes and delivered the car to Bridwell. No witness denied that there was whisky in the car. The extent to which they went was to say that they did not see it, and that they would have seen it if it had been in the front of the car.

In article 706, C. C. P., 1925, it is said that the jury, in all cases, are the exclusive judges of the facts proved, and of the weight to be given to the testimony. The credibility of the witnesses who delivered the testimony in the presence of the jury is not a matter within the province of the court. The evidence in the present case would support either a conviction or an acquittal, depending upon the credibility of the witnesses. To arbitrarily take that question from the jury would amount to nothing less than a usurpation of power. The precedents, too numerous to mention, are found in Vernon's Ann. Tex. C. C. P., 1925, vol. 2, p. 693. Among them are Taylor v. State, 87 Texas Crim. Rep., 330, 221 S. W., 611; Mayes v. State, 87 Texas Crim. Rep., 512, 222 S. W., 571; Mannon v. State, 90 Texas Crim. Rep., 512, 236 S. W., 83; Martin v. State, 99 Texas Crim. Rep., 636, 270 S. W., 1117; Webster v. State, 102 Texas Crim. Rep., 367, 277 S. W., 698; Taylor v. State, 115 Texas Crim. Rep., 612, 27 S. W. (2d) 196; Koelder v. State, 116 Texas Crim. Rep., 237, 34 S. W. (2d) 611.

The judgment is affirmed.

*Affirmed.*