## CECIL MARTIN V. THE STATE.

No. 18412.   Delivered June 26, 1936.

The opinion states the case.

*Cameron, Hardin & Bridges,* of Edinburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—In his motion for rehearing appellant calls attention to an error in our original opinion. The former opinion is withdrawn and the present one substituted therefor.

Conviction is for rape, punishment assessed at confinement in the penitentiary for five years.

The indictment contains six counts. The last count, and the only one submitted to the jury, charged that appellant had carnal knowledge of Kathryn Phipps, who was under the age of eighteen years and not appellant's wife. The record shows that prosecutrix was in fact only about eleven years old. She testified to the act of intercourse with appellant, which was brought about, in all probability, as a result of her own importunities. Appellant was a married man twenty-five years old. He confessed to the act of intercourse and claims that the prosecutrix invited him thereto. The testimony further shows that prosecutrix had had prior acts of intercourse with other boys.

Among other things the court gave a charge which was claimed by appellant to have limited the jury's consideration to the fact of prosecutrix's former unchastity to determining her credibility as a witness. Appellant insists that although she was under fifteen years of age that such unchaste char-

acter might be considered by the jury in mitigation of the punishment. It is claimed that the charge is in conflict with the former opinions of this court in Keith v. State, 51 S. W. (2d) 603; and Ellis v. State, 114 Texas Crim. Rep., 197, 25 S. W. (2d) 347.

No objection whatever was interposed to the charge of the court at the time of the trial, either by written exception to the charge or by special requested instructions. By bill of exception which was approved by the court on the 21st day of March, 1936, counsel undertakes to complain of the instruction mentioned. The case was tried on December 4th, and the court was not advised of any objection relative to the charge until nearly three months thereafter. See Art. 658, C. C. P., also Sec. 48, page 76, 4th Vol., Tex. Jur., and authorities cited therein.

Appellant insists that notwithstanding no objection was made to the charge in the time required by law that the same was fundamentally erroneous and therefore should be considered by this court. It is sufficient answer to this proposition to say that appellant was only given five years, which was the minimum punishment, and the failure to charge as insisted by appellant could in no event have worked to his prejudice.

The judgment is affirmed.

*Affirmed.*

Morrow, P. J., absent.