## ROBERT LEWIS SIMPSON V. STATE

No. 31,508. February 17, 1960

Motion for Rehearing Overruled March 23, 1960

*Lawrence Arnim,* Houston, for appellant.

*Dan Walton,* District Attorney, *Edward D. Michalek, Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge

The offense is rape; the punishment, ten years.

Prosecutrix, the mother of four, testified that one Blacklock, the brother of a woman she knew, agreed to take her home on the night in question, that as they drove away appellant unexpectedly rose to a sitting position in the back seat of the automobile, and that she then for the first time became aware of his presence. She stated that instead of driving her home Blacklock drove down a dead-end street with his automobile lights off and into the woods at the end of the street, at which time appellant pulled her out of the automobile, that she began to run and appellant jumped on her and knocked her down, threatened to kill her, and had an act of intercourse with her

despite her resistance, Blacklock standing nearby. She testified further that later the automobile in which they were riding got stuck in the mud and Blacklock forced her to go to a nearby house and ask for help, that he stood right behind her and threatened to kill her if she reported what had happened, and that Blacklock noticed her trying to signal to the people in the house and jerked her away saying, "You are trying to tell it," forced her to accompany him to a little shack, where he removed her clothes and forcefully had intercourse with her. She testified that she later escaped without her clothes, found her way to another house, reported that she had been raped, and was carried to the police station and then to the hospital, and that she again saw appellant at the police station on the following Tuesday.

Mrs. Melvin testified that prosecutrix came to her door on the night in question with Blacklock and reported that their automobile was stuck, that prosecutrix made signs with her hands but she did not understand what she meant.

Edward Catalong and his wife testified that prosecutrix came to their home on the night in question in the nude and pleaded to be admitted, that prosecutrix appeared to be nervous and scared, that she reported she had been raped by Blacklock and another man whose name she did not know, that she was funished clothing and carried to the police station and thence to the hospital.

Dr. Shirkey testified that he examined prosecutrix at the hospital and that a smear taken from the urethra and cervix showed male sperm which was infected with gonorrhea.

Prosecutrix was recalled and testified that she had never had gonorrhea.

Prosecutrix' sister testified that appellant had admitted to her that he had raped her sister and was sorry that he had done so.

Appellant did not testify in his own behalf but called his mother who testified concerning his application for suspended sentence.

We find the evidence sufficient to support the conviction.

Appellant's motion for new trial alleged jury misconduct in that the jury discussed the failure of appellant to testify in his own behalf. At the hearing appellant called one of the jurors who supported the allegations in the motion. However, the state introduced into evidence the affidavits of three jurors which categorically state that no such discussion occurred. Thus, an issue of fact was made and resolved against appellant by the trial court, which finding is binding on this court. Scott v. State, 163 Tex. Cr. Rep. 15, 288 S.W. 2d 796.

Finding no reversible error, the judgment of the trial court is affirmed.