**Alfonso V. GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35434.**

Court of Criminal Appeals of Texas.

March 27, 1963.

Rehearing Denied May 15, 1963.

Second Motion for Rehearing Denied June 19, 1963.

John J. Pichinson, Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is felony theft, with a prior conviction of the same nature alleged for enhancement; the punishment, ten years' confinement in the penitentiary.

Ronald Rodgers, an employee of the Brewer T V & Appliance Store, testified that he was in sole control of the store on the 16th of May, 1962, when Benito Suniga came in and asked to see his stock of used refrigerators. They went to the rear of the store, behind a partition, to look at the stock. After talking for a few minutes, Rodgers concluded he was not going to make a sale and started back to the front of the store. He noticed a boy carrying a portable television set out the front door and he pursued and caught him as he was going around in front of a 1954 Chevrolet. The appellant was in the car at the wheel. Another television set from the store was in the seat beside him. Rodgers recovered both sets, and called the police.

A. W. Walzel, a deputy sheriff of Refugio County, testified that while on the lookout for such a car he was passed by a yellow Chevrolet bearing a corresponding license number. He testified that the appellant was the driver and that he chased the car across the railroad track south of Woodsboro, where the car stopped and appellant and the other occupant of the car jumped out and attempted to flee on foot. Both were apprehended.

The evidence is sufficient to sustain the conviction. Greer v. State, 168 Tex.Cr. R. 485, 329 S.W.2d 885.

Appellant's primary complaint is jury misconduct. It is his contention that the jury discussed his failure to testify.

All members of the jury were called as witnesses on appellant's motion for new trial. Nine of the jurors recalled references in their deliberations to his failure to take the stand. Two others testified that they could not remember whether such references had or had not been made. One testified that he was positive that no such reference had been made.

"The trial court is clothed with discretion in determining whether a new trial shall be granted on the ground that the jurors discussed the failure of the accused to testify in his own behalf; and an order denying the motion ordinarily will not be disturbed if the court has determined, on conflicting evidence, that the alleged misconduct did not in fact occur, or that the statement was made casually or incidentally." 41 Tex.Jur. 2d, New Trial, Sec. 44, at page 136.

At a hearing such as this, the trial judge is the trier of the facts, and it is his duty to believe or disbelieve the witnesses. In view of the positive statement of the witness (juror) Mokry that "It didn't take place," we cannot say that the court below abused his discretion. Simpson v. State, Tex.Cr.App., 332 S.W.2d 732.

The jury returned a verdict finding appellant guilty of the primary offense, and that all the allegations contained in the second count of the indictment charging the prior conviction were true. The sentence imposed by the trial court reads "not less than two (2) nor more than ten (10) years." This is reformed so as to provide no minimum punishment. It shall read that appellant be confined in the penitentiary for a term of ten (10) years. Art. 62, Vernon's Ann.P.C.; Art. 847, Vernon's Ann.C.C.P.; Tilghman v. State, 133 Tex. Cr.R. 640, 113 S.W.2d 911; 5 Tex.Jur. 2d, Appeal and Error—Criminal, Sec. 455, p. 726.

Finding the evidence sufficient and no reversible error appearing, the judgment, as reformed, is affirmed.

## MOTION FOR REHEARING

DICE, Commissioner.

Appellant strenuously insists that we were in error in holding that the trial court did not abuse his discretion in refusing to grant a new trial because of alleged jury misconduct in discussing his failure to testify. It is appellant's contention that since nine jurors stated that they did discuss his failure to testify and only one juror denied that such discussion was had,

 

the trial court's finding was so against the weight of the testimony as to manifest an abuse of discretion.

Scrivnor v. State, 121 Tex.Cr.R. 565, 50 S.W.2d 329, and Keith v. State, 121 Tex. Cr.R. 508, 51 S.W.2d 603, among other authorities, are relied upon by appellant in support of his contention.

In Scrivnor v. State, supra, this court—in passing upon the trial court's action in refusing to grant a new trial, said: "When there is direct conflict of evidence in such matters, the decision is for the trial court, and we uphold his findings unless same appear so against the weight of the testimony as to manifest an abuse of his discretion." The court then upheld the trial court's action in refusing to grant a new trial under conflicting testimony of the jurors, who stood six to five on the issue.

In Keith v. State, supra, the trial court's action in refusing a new trial was not upheld where it was shown that the jury did refer to or discuss the accused's failure to testify and the question was whether such was merely a casual reference to his failure to testify.

Day v. State, 120 Tex.Cr.R. 17, 48 S.W. 2d 266, also cited by appellant, where the trial court's action in refusing a new trial was upheld on appeal, states the rule as follows:

"In cases where, as in the present instance, the evidence heard on the motion for new trial is conflicting as to the existence of the fact or circumstance upon which the claim of misconduct of the jury is founded, the decision of the trial judge is conclusive upon this court unless from the record it is apparent that the trial judge was clearly wrong. Such is the rule that has prevailed since the beginning of our jurisprudence. Obviously, there is no other guide when the matter comes before the appellate court. The finding of the judge on conflicting evidence is analogous to the verdict of the jury

upon the testimony. In each instance the result is binding on the court unless its unsoundness is demonstrated by the record."

In the present case there was a direct conflict in the testimony as to whether the jury did discuss appellant's failure to testify. Although nine jurors stated that there was such a discussion and only one denied that it occurred, we adhere to our decision upholding the trial court's action in refusing to grant a new trial. Any holding to the contrary would take away from the trial judge the right to believe one of the jurors as against the testimony of nine of the other jurors and, in effect, would destroy his discretion in the matter. This we cannot do.

The motion for rehearing is overruled.

Opinion approved by the court.